IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICAHEL BEARD and<br>M&B SERVICES INCORPORATED,<br><br>Plaintiffs,<br><br>v.<br><br>BRIAN WHITTAKER, *et al.*,<br><br>Defendants. | No. 4:25-CV-01427<br><br>(Chief Judge Brann) |

**MEMORANDUM OPINION**

**DECEMBER 30, 2025**

On December 31, 2024, Plaintiffs brought a five-count complaint against two individual defendants—Brian Whittaker ("Whittaker") and Andrew Weitkamp ("Weitkamp"), two corporate defendants—BW Industrial LLC ("BW") and Starfire Services LLC ("Starfire"), and various unknown individuals and corporations—John and Jane Does 1–99 and ABC entities 1–99.[1] While originally brought in the District of Arizona, the case was transferred to this Court on August 1, 2025.[2]

Presently before the Court is Defendants Whitaker and BW's motion to stay this action pursuant to the *Colorado River* abstention doctrine.[3] That motion has been

---

[1] Doc. 1 (Compl.).
[2] *Id.*; Doc. 23.
[3] Doc. 25.

fully briefed and is ripe for disposition.[4] For the reasons that follows, the motion is denied.

## I.   BACKGROUND

This case involves a dispute between two business partners. In 2009, Beard and Weitkamp created a company called M&B Services, Inc. ("M&B").[5] Each owned 50% of the stock of M&B and the company "performed maintenance and reconstruction of concrete processing plants."[6] It was a successful company, which grossed millions of dollars a year in revenue through 2022.[7]

In 2021, Weitkamp and Beard began discussing the former purchasing the shares of the latter in M&B.[8] Those negotiations eventually fell apart and in November 2022 Weitkamp informed Beard that he intended to leave the company.[9] Around this time, Weitkamp and Whittaker, a former employee of M&B, formed a new company—BW.[10] They and Andrew Weitkamp, another former employee of M&B, also founder Starfire around this time.[11] BW and Starfire seemingly engaged in the same business as M&B.[12]

---

[4]  Docs. 26, 33, 25.
[5]  Doc. 1 ¶¶ 17-18.
[6]  *Id.* ¶¶ 19-20.
[7]  *Id.* ¶ 30.
[8]  *Id.* ¶ 32.
[9]  *Id.* ¶ 32.
[10] *Id.* ¶¶ 47, 51.
[11] *Id.* ¶¶ 48, 52.
[12] *See id.* ¶ 61.

On July 24, 2023, Beard filed a lawsuit in Arizona state court against Weitkamp and various unknown individuals and corporations.[13] That suit was later amended to include M&B as a plaintiff.[14] In the amended version of the complaint, there were eight counts: (1) breach of contract; (2) intentional interference with contractual relations; (3) unjust enrichment; (4) fraudulent transfer; (5) breach of fiduciary duty; (6) accounting; (7) conversion; and (8) declaratory judgment.[15]

On the last day of 2024, Beard and M&B filed the instant suit in federal court against the named and unnamed plaintiffs.[16] However, this suit was not brought against Weitkamp. There are five counts to the present federal lawsuit: (1) intentional interference with contractual relations; (2) fraudulent transfer; (3) conversion; (4) civil conspiracy; and (5) unjust enrichment.[17] Due to the apparent similarities between the state and federal lawsuits, Whittaker and BW brought a motion to stay the federal litigation pursuant to the *Colorado River* abstention doctrine.[18]

## II.   DISCUSSION

The Supreme Court of the United States has stated that, generally, "the pendency of an action in the state court is no bar to proceedings concerning the same

---

[13] *See* Doc. 26, Ex. 3.
[14] *See id.* Ex. 2.
[15] *See id.*
[16] Doc. 1.
[17] *Id.*
[18] Doc. 25.

matter in the Federal court having jurisdiction."[19] However, in *Colorado River Water Conservation District v. United States* they provided that there are certain extremely limited circumstances in which a federal court may defer to pending state court proceedings based on considerations of "(w)ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation."[20] *Colorado River* abstention is proper only in "exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest."[21] Therefore, this form of abstention is "rare" because " the pendency of proceedings in state court does not normally bar litigation in federal court of the same issues."[22]

The first step in the *Colorado River* abstention analysis is to determine whether the litigation in state court is parallel to the federal court litigation.[23] "Generally, cases are parallel when they involve the same parties and claims."[24] Strict identity of the parties is not necessary but "the mere potential or possibility that two proceedings will resolve related claims between the same parties is not

---

[19] *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)) (internal quotations marks omitted).

[20] *Id.* (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 182 (1952)) (internal quotation marks omitted).

[21] *Id.* at 813 (quoting *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89 (1959)) (internal quotations marks omitted).

[22] *Nat'l City Mortg. Co. v. Stephen*, 647 F.3d 78, 84 (3d Cir. 2011).

[23] *See Ryan v. Johnson*, 115 F.3d 193, 196 (3d Cir. 1997).

[24] *Id.* The Court of Appeals for the Third Circuit has said that strict identity of the parties "will be the most usual circumstance in which a court finds parallel proceedings to exist." *Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 283 n.8 (3d Cir. 2017).

sufficient to make those proceedings parallel; rather, there must be a substantial similarity in issues and parties between contemporaneously pending proceedings."[25] Substantial similarity "means that the parties involved are closely related and that the resolution of an issue in one will necessarily settle the matter in the other."[26] This means that "the lack of identity of all issues necessarily precludes *Colorado River* abstention."[27] As such, it is necessary to compare "the state and federal action[s] as they contemporaneously exist."[28]

Here, a comparison of the respective suits shows that the factual allegations are identical in all material respects.[29] However, a review of the two complaints makes two things clear: (1) the cases share none of the same defendants and (2) the claims are not identical.[30] While it could be argued that the claims in the two cases are similar enough,[31] the parties are plainly different. The relationships between the parties also does not warrant calling them virtually identical.[32] The Third Circuit has

---

[25] *Kelly*, 868 F.3d at 283, 283 n.8.
[26] *Id.* at 283 n.8.
[27] *Univ. of Maryland at Baltimore v. Peat Marwick Main & Co.*, 923 F.2d 265, 276 (3d Cir. 1991).
[28] *Id.* at 284.
[29] *See* Doc. 26, at 8, 12-13.
[30] On the later point, the Amended Complaint in the state court proceeding includes fiduciary duty, accounting, declaratory judgment, and breach of contract claims against a defendant who is not a party to the instant case. *See* Doc. 26, Ex. 2. Meanwhile, the federal litigation includes a civil conspiracy claim against defendants that are not a party in the state court proceedings. *See* Doc. 1. Overall, there are no claims in both lawsuits that share the same parties. *See* Doc. 1; Doc. 26, Ex. 2.
[31] *See Capriotti v. Rockwell,* No. 19-3136, 2020 U.S. Dist. LEXIS 3645, at *7-9 (E.D. Pa. Jan. 7, 2020).
[32] *See id.* While the various defendants in both cases may have similar interests in defending the respective lawsuits, the Court can find—and the Defendants have produced—no case law to

"caution[ed] against abstention only where all of the defendants in the federal action are not also defendants in the state court action, i.e., where a plaintiff could not bring in her state court case all claims asserted in the federal action."[33] Given that there is no overlap between defendants in the federal and state cases, this is the exact situation where this Circuit has discouraged abstention.

While the lack of identical parties has been found by other judges in this District to be sufficient to find state and federal actions not to be parallel,[34] there is a more dire difference—the resolution of claims in the state case will not settle the matter in the federal action.[35] Defendants argue that final resolution of factual issues in the state case could be determinative in the federal litigation because "[i]f the Arizona state court (or jury) concludes that [a factual] allegation is false, that factual determination would have a preclusive effect as against Mr. Beard in this action."[36] In sum , they argue that non-mutual issue preclusion "will almost certainly dispose of factual issues in this case."[37]

---

support a finding that this makes them virtually identical. Further, it would be an odd result for the Court to hold that one individual defendant in the state case is an alter ego or virtually identical to completely separate individual defendants in the federal action. The Court will not support this odd result, especially when "any judgment in state court would have no effect on [the federal defendants'] liability." *Zehm v. Morgan Props.*, No. 1:17-cv-1758, 2017 U.S. Dist. LEXIS 178964, at *11 (D.N.J. Oct. 27, 2017).

[33] *Allen v. Youth Educ. Servs. of Pa*, No. 12-4269, 2013 U.S. Dist. LEXIS 47863, at *15 (E.D. Pa. Apr. 2, 2013) (citing *Trent v. Dial Med. of Fla., Inc.*, 33 F.3d 217, 224 n.6 (3d Cir. 1994)).

[34] *See id.* at *7-8; *Allen*, 2013 U.S. Dist. LEXIS 47863; *Weitzner v. Sanofi Pasteur, Inc.*, No. 3:11-cv-2198, 2012 U.S. Dist. LEXIS 67016, at *15 (M.D. Pa. May 14, 2012).

[35] *Kelly*, 868 F.3d at 283 n.8.

[36] Doc. 26, at 15.

[37] Doc. 35, at 5.

But what if Plaintiffs succeed in proving factual issues in the state case? Non-mutual issue preclusion "estoppe[s] from advancing a position that he or she has presented and lost in a prior proceeding against a different adversary."[38] But for this form of estoppel to apply, "the party to be precluded must have had a full and fair opportunity to litigate the issue in the first action."[39] This means that if the state court — or a jury — found that Plaintiffs had successfully established a factual issue, they could not utilize that finding in the present, federal litigation because none of the defendants in the instant suit would have had any opportunity to litigate the issue. So, while Defendants may be correct in their assertion that there is a chance that non-mutual issue preclusion could narrow the scope of this case, that may not occur. Ergo, there is no guarantee that "the resolution of an issue in one will necessarily settle the matter in the other."[40] Therefore, the issues and parties are not substantially similar in the state and federal litigation and that litigation is not parallel for the purposes of the *Colorado River* abstention.

Even if the litigation had been parallel, the Court would not have found that "extraordinary circumstances" were present to merit abstention.[41]

---

[38] *Peloro v. United States*, 488 F.3d 163, 175 (3d Cir. 2007) (citing *Blonder–Tongue Labs., Inc. v. Univ. of Ill. Found.,* 402 U.S. 313, 324 (1971)).
[39] *Id.* (internal quotation marks omitted).
[40] *Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 283 n.8 (3d Cir. 2017).
[41] *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 307-08 (3d Cir. 2009) (quoting *Spring City Corp. v. American Bldgs. Co.,* 193 F.3d 165, 171 (3d Cir.1999)).

> In determining whether an action presents extraordinary circumstances we consider six factors: (1) [in an *in rem* case,] which court first assumed jurisdiction over [the] property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interests of the parties.[42]

Many of these factors can be quickly disposed of. The parties agree that the first and fifth factors are either inapplicable or neutral here.[43] The second factor weighs in favor of denying abstention because the facts that the parties consented to a transfer to this district and most of the parties reside within the district demonstrate that "the federal forum is convenient for both parties."[44] The fourth factor weighs in favor of abstention because the state action was both filed first and is far further along than the federal case.[45] The sixth factor "carries little weight" here because there is no evidence that the state court would inadequately protect the interests of either party.[46]

The third factor contains the closest questions, but "even to avoid piecemeal litigation, abstention is appropriate only when there is a strong federal policy against such litigation."[47] While Defendants have made extensive and compelling appeals regarding the dangers of piecemeal or duplicative litigation and how these

---

[42] *Id.* at 308 (internal quotation marks omitted).
[43] *See* Doc. 26, at 18; Doc. 33, at 13-14.
[44] *Nationwide Mut. Fire Ins.*, 571 F.3d at 308.
[45] *See id.* at 309.
[46] *Ryan v. Johnson*, 115 F.3d 193, 200 (3d Cir. 1997).
[47] *Capriotti*, 2020 U.S. Dist. LEXIS 3645, at *11 (citing *Spring City Corp. v. Am. Bldgs. Co.*, 193 F.3d 165, 172 (3d Cir. 1999)).

two cases are factually similar,[48] they "have pointed to no federal policy against piecemeal litigation in this context."[49] Given that "*Colorado River* abstention must be grounded on more than just the interest in avoiding duplicative litigation,"[50] the Defendants arguments that duplicative litigation must be avoided is unpersuasive to the Court. Therefore, the third factor does not weigh in favor of abstention.[51]

## III. CONCLUSION

"The [*Colorado River* abstention] doctrine is to be narrowly applied in light of the general principle that 'federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress.'"[52] Based on that sentiment and for the foregoing reasons, Defendants' motion to stay is denied.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[48] *See* Doc. 26, at 14-17.
[49] *Capriotti*, 2020 U.S. Dist. LEXIS 3645, at *11.
[50] *Spring City Corp.*, 193 F.3d at 171-72.
[51] *Capriotti*, 2020 U.S. Dist. LEXIS 3645, at *11 (citing *Spring City Corp.*, 193 F.3d at 171-72).
[52] *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 307 (3d Cir. 2009) (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996)).